CHARLES L. ORTMANN v. THE MERCHANTS' BANK OF CANADA.

*Affidavit of non-execution—Bill-book entries.*

An affidavit of non-execution filed with the plea leaves the plaintiff the burden of showing that the paper was signed by the defendant as alleged in the declaration.

Entries in the bill-book of a bank are admissible to fix the original dates of an altered bill of exchange only in connection with testimony tending to show that they were accurately made from the original or from a correct memorandum of it.

All the testimony of a witness should be taken together in determining whether it fairly tends to establish facts entitling documentary evidence to be admitted; and it is for the court and not the jury to decide whether it does so.

Where testimony fairly tends to show facts entitling documents to be admitted in evidence, the Supreme Court will not review the conclusion of the trial judge as to its weight.

Evidence tending to prove facts not in question is inadmissible.

Where a bank entry is incorrect on its face in one particular, the fact is entitled to be considered as bearing on its accuracy in other respects.

Error to Bay.    Submitted July 1.    Decided Oct. 8.

ASSUMPSIT.    Defendant brings error.

*Wheeler & McKnight* for plaintiff in error.    An affidavit of non-execution filed with the plea of the general issue leaves the defendant to prove the validity of the instrument, *Comstock v. Smith*, 26 Mich., 311; *Willett v. Shepard*, 34 Mich., 106; one who sues on an altered instrument has the burden of showing that it was altered before defendant signed it, *Jourden v. Boyce*, 33 Mich., 302.

*Thos. A. E. Weadock* and *Hatch & Cooley* for defendant in error.    In an action on a bill of exchange, the bill-books of the bank from which it issued are admissible, 1 Greenl. Ev., §§ 115, 116; *Price v. Torrington*, 1 Smith's Lead. Cas., 390; a written instrument signed by defendant is not made inadmissible as against him by reason of an erasure, that being a circumstance for the jury to consider, *Farnsworth v. Sharp*, 4 Sneed, 55; *Cole v. Hills*, 44 N. H., 227; *Parker v. Moore*, 29 Mo., 218; *Matthews v. Coalter*, 9 Mo., 705; *Maybee v. Sniffen*, 2 E. D. Smith, 1; *Stoner v. Ellis*, 6 Ind., 152; *Hunter v. Parsons*, 22 Mich., 101; the question of alteration and when

it was made is for the jury, *Crabtree v. Clark,* 20 Me., 337; *Hunt v. Gray,* 35 N. J., 227: 10 Amer., 232; *Brown v. Reed,* 1 L. & Eq. .Rep., 83; .*Gooch v. Bryant,* 13 Me., 386; *Wicker v. Pope,* 12 Rich., 387; 2 Pars. Cont., 722; an alteration, if nothing appears to the contrary, should be presumed to have been made at the time of the execution of the instrument, Greenl. Ev., § 556; *Beaman's Adm'rs v. Russell,* 20 Vt., 205; *Miller v. Finley,* 26 Mich., 249; 1 Greenl. Ev., §§ 34, 35, 80; 1 Phil. Ev., 605 et seq.; an alteration by a stranger without connivance of either party, does not affect either's right, if its original tenor can be ascertained, *Davis v. Carlisle,* 6 Ala., 707; *Croft v. White,* 36 Miss., 455; *Lubbering v.` Kohlbrecher,* 22 Mo., 596; *Bigelow v. Stilphen,* 35 Vt., 521; *Wilson v. Henderson,* 17 Miss., 375; *Masters v. Miller,* 4 T. R., 334; *U. S. v. Spalding,* 2 Mas., 478; *Nichols v. Johnson,* 10 Conn., 192; *Rees v. Overbaugh,* 6 Cow., 746; *Draper v. Wood,* 17 Amer., 101.

MARSTON, J. Plaintiff in error was sued as drawer and endorser of a bill of exchange discounted by the bank for the acceptors, Pooley, Reinhardt & Co.

The defense relied upon was, that the time of payment had been changed after it was signed and endorsed by Ortmann without his consent or knowledge.

That a change had been made was not disputed on the trial; the question was, when was this change made,—before or after Ortmann's execution thereof? It is important therefore to bear in mind the disputed point in an examination of the questions raised. A very brief statement of the facts may serve to present the question still more clearly.

Pooley, Reinhardt & Co. resided in Buffalo, New York; Ortmann in East Saginaw, Michigan. Pooley, a member of the firm residing at Buffalo, on the 27th day of January, 1875, wrote the draft in question; he also wrote the acceptance across the face thereof, and signed it in the firm name, Pooley, Reinhardt & Co. On the

same day he mailed it in this shape to Ortmann in East Saginaw.  When there received, Ortmann being in Detroit, it was sent forward, by him there received, signed, endorsed and mailed February 2d to Pooley, Reinhardt & Co., who received and sent it to one Cook at Ingersoll on February 3d, by whom it was taken to the bank and discounted on the next day.  It was not claimed that any change had been made after the draft left the hands of Pooley, Reinhardt & Co., on February 3d.  As first written it was made payable "April 4th next after date;" the acceptance was then written across the face of the draft and over the word "April" in red ink, and afterwards the word "May" written over the word "April." The bank treated the draft as due in May.  In the facts as thus far stated there was no dispute.  An affidavit was filed with the plea denying the execution of the instrument.

The burthen of proof was upon the plaintiff to show that the instrument set forth in the declaration was signed by Ortmann as alleged.

The first error alleged which we shall notice, relates to the admission in evidence of the bill-book of Pooley, Reinhardt & Co., and of the entry therein relating to this draft.  The bill of exceptions contains all the evidence.

The entries in the bill-book as set forth in the bill of exceptions were as follows:

| Date. | Time. | Drawer. | Favor of. | Where payable. | When due. | Amount. | Jour. | Re. |
|---|---|---|---|---|---|---|---|---|
| Jan. 28. | 3 mo. | J. Belden. | P. R. & Co | Attica. | 6 | 781,52. | | |
| " " | " " | C. L. Ortmann. | do | F. & M. Bank. | 7 | 1,546.53. | Cook. | |

It would seem to be assumed by counsel that this entry in the bill-book showed or described the draft as falling due May 7th, and we shall so consider it.  Under the issue this entry could only be admissible as tending to show that the draft became due in May and not in April, and that consequently there had been no change or alteration as claimed by the defense.  In order to be admissible for such purpose, there must have been evi-

dence tending to show that this entry was made before the draft was received from Ortmann, for if made after, it would have no tendency to negative the claim made that the alteration was made after its receipt from Ortmann. It would but show that when the entry was made the draft was one payable in May. If made from the draft on February 3d, it would but record a fact not disputed and therefore wholly immaterial to the issue. If made, however, on the 27th of January, from the draft, and correctly described it at that time, or if made afterwards, from a correct memorandum of the draft made on the 27th from the draft itself, then the entry would be admissible and would have a strong tendency to show that no change had been made which could release Mr. Ortmann from his liability. Without oral testimony therefore tending to show that this entry was made at the time and in the manner indicated, the book should not have been admitted. In case the witnesses called to show when and from what the entry was made had no recollection of the transaction, but could testify that it was the uniform practice to make all such entries truly, at the time and while the draft was in their possession, or from a correct memorandum thereof taken while in their possession, and that because of such practice they had no doubt of the accuracy of the entry in question, then the entry would be admissible, if as already said, it appeared from the book or the oral testimony or both, that this entry was not made from the draft after it was received from Ortmann.

The evidence given by the book-keeper showed that she either knew or remembered nothing whatever about the matter. She had no recollection of ever having seen the draft until after this dispute had arisen, and the entries made by her in these books were such as Mr. Poole directed and dictated, she having no other source of information upon such subjects.

Mr. Poole was called and examined; his evidence is very little if any better than that of the book-keeper;

true, when recalled, he does seem to have realized the necessity of attempting to show that this entry must have been made on January 27th and that it was made according to their course of business.

When, however, we consider all his evidence, which is the correct way (*Lovell v. Willard*, 28 Mich., 346), we are forced to the conclusion that it does not tend fairly to establish facts essential to entitle this book to be admitted in evidence.

This question was one for the court and not the jury, and related to the question whether the books should be admitted in evidence at all. We do not in this case attempt to pass upon the weight of the evidence bearing upon the facts essential to be shown in order that the book could be received. If it could be said that the evidence did fairly tend to show all the necessary facts to bring the case within either of the above rules, we should not review the conclusion of the learned judge in admitting the book in evidence. The evidence of Mr. Poole upon this subject was contradictory, vague and indefinite, the merest guess-work, showing that he had no recollection whatever of the transaction, and failing to show that the firm of which he was a member, or that he, who seemed to have charge of this department, had any settled uniform practice in the making of such entries, or that this entry was or must have been made at such a time and in such a manner as would warrant a court in admitting it to affect the rights of third parties. This book and entry should not have been admitted. The entry upon its face was not correct in its description of the draft. This cast suspicion upon the time and manner of making the entry.

The entry made in the books of Mr. Cook after the draft was received by him at Ingersoll should not have been admitted. It tended to prove a fact not in dispute, viz.: that when Cook received the draft it was payable in May. At what time the draft was payable when Ortmann executed it, this entry in no way tended to show.

Exceptions were taken to portions of the charge; we need not, however, pass upon them, as the case may be different upon the next trial.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.