THE MERCHANTS' BANK OF CANADA v. CHARLES L. ORT-
MANN.

*Trial—Charge to the jury—Bias of judge.*

An exception to a charge on the ground that the manner in which the judge submitted the case and his comments on the evidence gave undue prominence to whatever would tell in the appellee's favor, and thereby unfairly prejudiced the appellant's case, cannot have weight if the bias of the judge is not manifest in the charge so that there is reason to believe the jury were improperly influenced. And the charge should be considered together, and not merely by detached passages.

Error to Bay. Submitted April 19. Decided June 14.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*T. A. E. Weadock* for appellant.

*Wheeler & McKnight* for appellee.

COOLEY, J. This case was once before in this court, and the decision upon it is reported in 41 Mich. 482. On a second trial defendant recovered judgment and the plaintiff brings the case here by writ of error. The exceptions are numerous, but in the main they come to this: that the judge, in the manner in which he submitted the case to the jury

and in his comments on the evidence, gave undue promi-nence to whatever would tell in favor of the defendant, and thereby unfairly prejudiced the plaintiff's case. In respect to this complaint it is to be said that it is one very frequently made by the defeated party in jury trials, and often without any good reason except such as may arise from personal interest, and the anxiety for success. To permit it to have any weight with others the bias of the judge ought to be manifest in his charge, so that there shall be reason to believe the jury were improperly influenced. We discover nothing of the sort in this case. The charge was evidently meant to be impartial and just, and we think was so. In so far, therefore, as the exceptions assail the charge as a whole, we find no support for them in the record, and criticisms upon detached sentences or passages require no comment.

It is urged, however, that the judge, in presenting to the jury the facts on which the plaintiff relied as meeting and overcoming the defence, required of the plaintiff a *quantum* of evidence which he was not justified by the law in demand-ing. The action was upon a draft of which defendant was drawer. On its face appeared an alteration of the time of payment from April to May, and the case turned upon the question whether this alteration was made before defendant signed it. Commenting upon this the judge said to the jury, "Unless there is a clear preponderance of proof on the part of plaintiff that the word May as now in the draft was there when Ortmann signed it, the verdict must be for the defendant. This results from the fact that the burden of proof upon this issue is upon the plaintiff, and he must sustain that burden by showing you by a preponderance of evidence that the word May was there at the time it was signed." This it is said was too strong; a "clear prepon-derance of proof" would, in the minds of the jury, be the equivalent of the absence of reasonable doubt.

It would no doubt have been better if the judge had omitted the adjective which he adopted from one of the requests of counsel; but an examination of the whole charge makes it plain that the jury were not misled. The

judge returns to the subject at the conclusion, and is at great pains to state with accuracy the true rule: "If you are satisfied from all the testimony that the word 'May' appeared in that draft at the time it was signed by Ortmann as it now does, then finding the other facts that I have spoken of, the protest and the notice, the plaintiff will be entitled to your verdict for the amount of the draft and the interest at seven per cent. as stated. If you find there is not a preponderance of evidence in favor of this conclusion, taking all the evidence together, then the defendant is entitled to your verdict. If you find that the defendant did not undertake and promise in manner and form as charged in the declaration, or if you do not see any preponderance of evidence either way, then the plaintiff cannot recover. If the evidence is just as strong in favor of the assumption that 'May' was put into the draft after it was signed by Ortmann as that it was there when he signed it, then the plaintiff cannot recover. But if you shall find, drawing such inferences from the statements of the witnesses as in your judgment they warrant, that there is a preponderance of evidence in favor of the plaintiff—in favor of the facts assumed by the plaintiff and upon which he seeks to recover —then your verdict will be for the plaintiff, otherwise for the defendant." This surely is not open to just criticism.

The judgment must be affirmed with costs.

CAMPBELL and MARSTON, JJ. concurred.