## M. T. Shepherd v. A. R. Royce.

1. BURDEN OF PROOF—*Where the Execution of a Note is Denied.*— In a suit on a promissory note a plea denying the execution of the note does not charge the plaintiff with the crime of forgery, and thus put upon the defendant the burden of proving that charge beyond a reasonable doubt; its only effect is to cast upon the plaintiff the burden of proving the execution of the note as at common law.

2. VERDICTS—*Sustained by Evidence Should Not be Disturbed.*—The trial judge and the juries before whom this case was tried, heard the witnesses testify and saw their manner upon the witness stand; their

opportunity for determining the weight to be given to the testimony was greater than that possessed by this court, and as there is evidence sustaining the verdict, it should not be disturbed.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of · Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

JOHN R. & WALTER EDEN, attorneys for appellant.

R. M. PEADRO, attorney for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

The only question raised by the pleadings in this case is the execution of the note sued on.

The appellee, the defendant in the court below, filed a plea under oath, denying that the note was his and that it was his signature to it.

The appellant claims, by filing this plea, the appellee charges him with the crime öf forgery, and that this charge must be proven by him beyond a reasonable doubt. This contention is not well taken. The only effect of this plea was to cast upon appellant the burden of proving the execution of the note as at common law. Wallace v. Wallace, 8 Ill. App. 69.

There is no averment in the plea intimating that the plaintiff was guilty of the crime of forgery.

When, in civil cases, a criminal offense is charged in the pleadings, it has been held the offense charged must be proved beyond a reasonable doubt.· Sprague v. Dodge, 48 Ill. 142; McConnel v. The Delaware M. S. Ins. Co. et al., 18 Ill. 228.

As there is no criminal offense charged in this case in the pleadings, this rule does not apply. By the pleading appellant was required to make out his case by a preponderance of the evidence.

It is contended by appellant that the verdict of the jury is not sustained by the evidence. There is a conflict in the

evidence as to whether appellee executed the note or not. One of the methods of determining controverted questions of fact is by trial by jury. Two jury trials have been had in this case, each jury found for appellee. The judge presiding at the last trial denied appellant's motion for a new trial. The trial judge and the juries heard the witnesses testify and saw their manner upon the witness stand. Their opportunities for determining what weight should be given to their testimony was greater than ours, and as there is evidence sustaining the verdict it will be allowed to stand, and the judgment below affirmed.