## APACHE COUNTY *v.* BARTH.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 181.    Submitted March 13, 1900. —Decided April 30, 1900.

In an action at common law to recover from a municipal organization upon a warranty issued by it, when the defendant denies the execution of it, and sets up that it is a forgery, the plaintiff, in order to be entitled to put the instrument in evidence, and thereby make a *prima facie* case, would be compelled to prove its execution.

The Revised Statutes of Arizona of 1887, provide: "735. (Sec. 87.) Any answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit—  .  .  .  8. A denial of the execution by himself or by his authority of any instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed.   Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit will be sufficient if it state that the affiant has reason to believe and does believe, that such instrument was not executed by the decedent or by his authority." *Held,* That when the defendant did not verify his answer in a case provided for therein, the note or warrant or other paper sued on was admitted as genuine, but when an answer denying that fact was verified, the plaintiff must prove it as he would have to do at common law in a case where the genuineness of the paper was put at issue by the pleadings.

IN September, 1891, Jacob Barth commenced an action in one of the district courts of the Territory of Arizona against the board of supervisors of Apache County, in that Territory, to recover upon certain warrants which he alleged had been issued

by that county during the year 1884, and of which he claimèd to be the owner. Barth soon thereafter died, leaving a will, which was proved in February, 1892, and by order of the court in March, 1896, the action was revived in the name of Julia Barth, the appellee, who was the executrix named in the will. She filed in March, 1896, by leave of court, an amended complaint containing forty counts upon as many different warrants, which she alleged had been issued by the board of supervisors of the county, on account of debts due from the county, and of which warrants she was the owner, and that the county owed her thereon an amount exceeding seven thousand dollars, for which sum she duly demanded judgment with interest. A copy of each warrant was annexed to the complaint and formed part thereof.

The defendant filed an unverified amended answer to this amended complaint, (which answer was subsequently verified,) and among other things denied that any of the warrants sued on had ever been issued or been directed to be issued by the board of supervisors of the county or by the authority of that board, but on the contrary defendant alleged that the pretended warrants sued on were, and each of them was, falsely made and forged, and that they were, and each of them was, a forgery, and that they were so falsely made and forged with a fraudulent intent to defraud the county of Apache. The defendant prayed judgment that plaintiff take nothing by her action, and for costs and for general relief.

Other defences were set up, among which was the statute of limitations.

The case came on for trial before the court, a jury trial having been waived, and the court having decided it, signed a statement of the facts found by it, in which it was stated that evidence had been introduced upon the trial, both oral and documentary, and upon the admission of the plaintiff the court found that the figures on eleven of the warrants (duly described and identified) had been altered and changed after they had been issued, and that such alterations and changes vitiated and rendered null and void those warrants as against the defendant, and that they were not valid claims against the county. The

court then made a general finding that all of the other warrants sued on were valid and subsisting legal claims against the county, and that plaintiff was entitled to recover upon each warrant the amount named therein, which, with interest, amounted to about the sum of fourteen thousand dollars, and for that sum judgment was directed to be entered, which was subsequently done. There was no further or special finding made by the trial court.

From this judgment an appeal was taken by the county to the Supreme Court of the Territory of Arizona, where it was affirmed.

The Supreme Court at the time of affirming the judgment made and signed by its Chief Justice a statement of facts in the case as follows :

" The Supreme Court takes the facts as found by the district court on the trial in that court and as shown by the record, and makes them the statement of the facts in this cause.

" This court finds that the district court did not commit error in finding against the plea of limitation set up by appellant.

" The court further finds that the district court did not commit error in granting and rendering judgment in favor of appellee on the warrants sued on and against appellant, notwithstanding the verified answer of appellant. The Supreme Court further finds that the district court did not commit error in refusing to render judgment for appellant on the verified answer of appellant, notwithstanding appellee did not introduce any evidence to establish the genuineness of said warrants for which appellee asked judgment, because the court finds that the warrants were verity of themselves, and the verified answer only put appellant in position in court to prove the facts set up in her answer, and did not put appellee on proof of their genuineness; hence the Supreme Court finds as a conclusion that the judgment of the district court should be affirmed. Judgment of affirmation and confirmation is therefore ordered and directed.

" This June 11th, 1898."

The county has appealed to this court from the judgment of the Supreme Court of the Territory.

*Mr. J. F. Wilson* for appellant.

*Mr. Reuben Hatch* for appellee.

Mr. Justice Peckham, after stating the facts, delivered the opinion of the court.

The statute approved April 7, 1874, c. 80, entitled "An act concerning the practice in territorial courts, and appeals therefrom," 18 Stat. 27, by the second section provides:

"That the appellate jurisdiction of the Supreme Court of the United States over the judgments and decrees of said territorial courts in cases of trial by jury shall be exercised by writ of error, and in all other cases by appeal, according to such rules and regulations as to form and modes of proceeding as the said Supreme Court have prescribed, or may hereafter prescribe: *Provided,* That on appeal, instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence, when excepted to, shall be made and certified by the court below, and transmitted to the Supreme Court, together with the transcript of the proceedings and judgment or decree," etc.

The legislature of the Territory passed an act March 18, 1897, No. 71 providing as follows:

"Sec. 1. Whenever an appeal or writ of error is taken from any district or circuit court of this Territory to the Supreme Court of the Territory the appellant or plaintiff in error, as the case may be, may have the testimony taken in the case transcribed and certified by the court reporter and file the same with the papers in the case, and thereupon it shall become and be a part of the record in such case.

\*      \*      \*      \*      \*      \*      \*      \*

"Sec. 5. All rulings made by the court below in opposition to the plaintiff in error or appellant shall be taken as excepted to by the party appealing or suing out the writ of error, and when assigned as error in the brief shall be reviewed by the Supreme Court without any bill of exceptions or other assignment of errors as herein provided."

This last act was passed subsequently to the trial of this action, but immediately after the filing of findings herein, and pursuant to its provisions, the reporter's notes of trial, with his certificate, were returned upon appeal, and are contained in this record.

This act could give us no jurisdiction to review an objection to evidence taken upon the trial, if no exception were taken, for the act of Congress of 1874, above cited, provides for a review in this court only when the decisions of the court were excepted to, and our jurisdiction is regulated by that act. *Grayson* v. *Lynch*, 163 U. S. 468, 474.

Upon a review of a judgment in a case not tried by jury and taken by appeal from the Supreme Court of a Territory, this court is by statute restricted to an inquiry, whether the findings of fact made by the court below support its judgment, and to a review of exceptions duly taken to rulings on admission or rejection of evidence. *Grayson* v. *Lynch*, 163 U. S. 468; *Bear Lake &c.* v. *Garland*, 164 U. S. 1, 18; *Harrison* v. *Perea*, 168 U. S. 311, 323; *Young* v. *Amy*, 171 U. S. 171, 183.

There is no bill of exceptions in the record, and there is nothing to show that any exception was taken on the trial to the admission or rejection of evidence. Counsel for appellee, therefore, urges that the only inquiry before this court is, whether the facts found by the trial court authorize the judgment which was entered, and he claims that upon those findings there can be no question that the judgment entered is right. This does not give the full and proper force to the additional finding of facts by the Supreme Court to which it is entitled. Although in that finding it is said that, "The Supreme Court takes the facts as found by the district court on the trial in that court, and as shown by the record, and makes them the statement of the facts in this cause," yet a perusal of the statement made by the Supreme Court renders it plain that such court found other facts in addition to those adopted from the district court, and those facts found by it should be regarded in the decision of this case.

What we regard as additional facts in the statement of the Supreme Court are regarded by counsel for the appellee as con-

clusions of law only, and he contends that we are confined to the general findings of fact made by the district court and adopted by the Supreme Court, and that upon those facts the appellee is clearly entitled to judgment. We cannot acquiesce in the correctness of the claim so made.

The Supreme Court in its statement finds a conclusion of law, viz: That the court below did not err in granting judgment for appellee; and this conclusion is immediately followed by the declaration "notwithstanding the verified answer of the appellant," which latter is a statement of fact. In addition to the fact thus stated, and in continuation of its statement, the court "further finds that the district court did not commit error in refusing to render judgment for appellant on the verified answer of appellant, notwithstanding appellee did not introduce any evidence to establish the genuineness of said warrants for which appellee asked judgment, because the court finds that the warrants were verity of themselves, and the verified answer only put appellant in position in court to prove the facts set up in her answer and did not put appellee on proof of their genuineness; hence the Supreme Court finds as a conclusion that the judgment of the district court should be affirmed."

We do not think that all of this can be called a conclusion of law only and not a finding of any fact. It is too technical a treatment of this statement to limit the finding of facts wholly to those set forth in the finding of the district court.

If we were not, in this particular, limited to the findings of the court, and could look at the notes of the stenographer taken on the trial and attached to the record by virtue of the territorial act referred to, we should there find that defendant was granted leave to verify its answer before the plaintiff rested her case, and that the answer was then verified and the plaintiff given opportunity to put in such evidence as she chose after such verification was made and before she closed her case. She did not avail herself of the leave, and the case rests only upon the production of the warrants, with the words indorsed thereon: "Not paid for want of funds; Presented Dec. 31, 1884. D. Baca, Treasurer, A. Ruiz, Deputy. Sol. Barth;" also the word "Forgery" marked in red ink across the faces of the warrants.

No proof whatever was given as to the genuineness of these signatures.

The finding of the Supreme Court shows that its decision was not placed upon the ground that the answer was verified after the plaintiff had rested; nor was its finding put on any ground of waiver. We must, therefore, take the fact that the answer was verified in ample time to call upon the plaintiff to prove the affirmative of the issues presented by the pleading.

Coming to an examination of the case in the light of these facts, we see that this was an action brought upon certain county warrants fully described in the amended complaint, and it was therein alleged that they were issued under the direction and authority of the board of supervisors of the county, signed by the chairman, and countersigned by the clerk of the board. The answer denied the fact that the warrants were issued by the authority or direction of the board, and alleged that they were forged warrants, and that the county was not liable thereon. Irrespective of any statute in regard to pleading, an issue was thus joined which raised the question of the genuineness of the signatures subscribed to these warrants; in other words, the question of their execution was put in issue, which would make it necessary for the plaintiff to prove that fact before they could be admitted in evidence. We are aware of no exception to this rule which would permit the introduction of alleged county warrants such as these, without any proof whatever of their execution. They do not prove themselves. The mere production of a piece of paper upon which is written or printed a promise to pay upon the part of a county, and upon which certain signatures appear, without the slightest proof of the genuineness of such signatures, does not entitle such paper to be admitted in evidence.

It is stated that it has been held by the courts generally that county and state warrants, signed by the proper officers, are *prima facie* binding and legal; that those officers will be presumed to have done their duty, and that such warrants make a *prima facie* cause of action, and that impeachment must come from the defendant. 1 Dillon's Municipal Corporations, 3d ed.

sec. 502. This may very well be in regard to those warrants when, as above stated, they have been, in fact, signed by the proper officers, and very probably the presumption may then be made that those officers who are proved to have signed the warrants have done their duty; but we are aware of no case where it has been held, in the absence of a statute to that effect, that the mere production of a paper upon which is written or printed an obligation of a county, bearing certain names thereon, can be put in evidence without the slightest proof that the signatures on the paper were those of the persons they purport to be. No such case has been called to our attention, and we think there is no principle upon which such a holding could stand.

The cases referred to by counsel simply hold the burden of proof shifted, after there has been proof of the execution of the warrants; that such proof makes out a *prima facie* case against the county. Such are the cases of *Commissioners &c.* v. *Day*, 19 Indiana, 450, and *Commissioners of Leavenworth County* v. *Keller*, 6 Kansas, 510. In both those cases the warrants were proved to have been signed by the proper authorities of the county before they were admitted in evidence, and it was said in the Indiana case, upon these facts, that "the officer, in the discharge of his general powers, will be presumed to have done his duty, in drawing the warrant or order, till the contrary appears; and, hence, such order makes a *prima facie* cause of action," citing *Hamilton* v. *The Newcastle & Danville Railway*, 9 Indiana, 359. And in the Kansas case it appeared that the county board audited and allowed the bill of claimant, and that a county warrant was drawn in his favor for the amount due, and signed by the chairman of the board, and it was held that upon those facts an action might be maintained on the warrant, but that it was liable to be defeated by showing that the tribunal which issued it had no authority to make the allowance on which the warrant was issued. In other words, that proof being given of the signature of the proper officer, the warrant was admissible in evidence and constituted a *prima facie* case against the county, and any

facts going to show that no cause of action existed rested upon the defendant to prove.

In *Grayson* v. *Latham*, 84 Alabama, 546, 549, 550, two county warrants were sued on which were alleged and purported to have been issued by the commissioners of the county of Pickens and signed by the probate judge. In delivering the opinion of the court, Stone, Chief Justice, said :

" The warrants declared on, issued and signed by the judge of probate, *as they were shown to have been, prima facie,* imported a liability on the county. . . . Upon the question we have been discussing, the plaintiff made a *prima facie* case when he produced *and proved* his warrants, showed that they had been registered, proved that, in the receipt and disbursement of county funds, the time had arrived for their payment, according to their place on the registry, and that payment has been demanded and refused ; or, if payment was not shown to have been demanded, by proving that demand would have been unnecessary. Making this *prima facie* case, if made, the burden would then be shifted to the defendants to overturn the presumption of liability."

Another case relied upon to sustain the ruling of the courts below is that of *Wall* v. *County of Monroe,* 103 U. S. 74. That case does not show that the warrants were proved by their mere production ; on the contrary, it appears that the warrants were drawn by the clerk of the county upon the treasurer in favor of one Frank Gallagher, and transferred by him to the plaintiff. Their execution was alleged and proved, and the question decided had no relevancy to the matter here under discussion.

No case cited by counsel shows that there is anything peculiar to a paper in the form of a county warrant which proves itself upon mere production.

It is clear, then, that at common law, in an action upon such an instrument, and upon a pleading denying the execution thereof by the defendant, and setting up its forgery, the plaintiff in order to be entitled to put the instrument in evidence, and thereby to make a *prima facie* case, would be compelled to prove its execution. The question is, what difference the statute of Arizona makes in this rule,

The Revised Statutes of Arizona, 1887, provide:

" 735. ·(Sec. 87.) Any answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit —

\*    \*    \*    \*    ,\*    \*    \*    \*    \*

" 8. A denial of the execution by himself or by his authority of any instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit will be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority."

The answer in this case did deny the execution on behalf of the county of these warrants, and alleged that they were forgeries made to defraud it. The affidavit of verification was made by the clerk of the board of supervisors, who swore that the facts stated in the answer, as defences to the various causes of action declared on, were true, and that the warrants sued on were not genuine. The statute does not require that the affidavit should contain a denial of the execution of the instrument on which suit is brought. It requires that any answer which contains a denial of the execution of an instrument shall be verified, and the verification in this case is not open to the objection of insufficiency urged by the appellee.

We have then the fact as stated by the Supreme Court of the Territory, that this answer was verified, and that the appellee did not introduce any evidence to establish the genuineness of the warrants sued on, and as a conclusion of law from those facts the court held the plaintiff entitled to judgment on the ground that the verified answer did not put the plaintiff to proof of the genuineness of the warrants.

It seems plain to us that the court did not give that force to the verification of the answer which it was entitled to, and that by reason of such verification the defendant was not only put in position to prove the facts set up in the answer, but the plain-

tiff in the action was thereby compelled to prove the execution of the warrants by the proper officers of the county.

Statutes similar to this have been passed in other States, and it has been held in Colorado, in *Lothrop* v. *Roberts*, 16 Colorado, 250, 254, that an answer denying the execution of a note, under oath, made it necessary for the plaintiff to give proof of its execution before the note was properly admissible in evidence.

In *Horn* v. *Water Company*, 13 California, 62, under a somewhat similar statute, where the answer was a general denial, without verification, the genuineness and due execution of the note sued on were regarded as admitted.

To the same effect is *Corcoran* v. *Doll*, 32 California, 82, 88, where it was stated that the action being upon a note and the complaint containing a copy, and the answer not verified, the due execution of the note was admitted.

In *Shepherd* v. *Royce*, 71 Ill. App. 321, under a similar statute, it was held that the effect of the verification of the plea setting up the forgery of a note sued on, was to cast upon appellant the burden of proving the execution of the note as at common law, citing *Wallace* v. *Wallace*, 8 Ill. App. 69.

The Michigan courts have decided in the same way upon the same kind of a statute. *Ortmann* v. *Merchants' Bank*, 41 Mich. 482; *The New York Iron Mine* v. *The Citizens' Bank*, 44 Mich. 344.

We have no doubt that the effect of the statute of Arizona is that when the defendant does not verify his answer in a case provided for therein, the note or warrant or other paper sued on is admitted as genuine, but when the answer denying that fact is verified, the plaintiff must prove it as he would have had to do at common law in a case where the genuineness of the paper was put at issue by the pleadings.

*Upon the facts found by the district judge and accepted by the Supreme Court of the Territory in this case, and upon the additional facts found by that court, we are of opinion that the judgment entered under its direction is erroneous, and not warranted by those facts, and therefore it is reversed, and the case remanded with directions to grant a new trial, and it is so ordered.*