WASHOE COUNTY, A POLITICAL SUBDIVISION, EX REL. WASHOE MEDICAL CENTER, A PUBLIC HOSPITAL ORGANIZED AND EXISTING UNDER AND BY VIRTUE OF THE LAWS OF THE STATE OF NEVADA, COUNTY OF WASHOE, APPELLANT, *v.* PERSHING COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND ARTHUR B. JOHNSON, ROBERT MAHER, DANIEL "BILL" MILICH, COUNTY COMMISSIONERS OF PERSHING COUNTY, STATE OF NEVADA, RESPONDENTS.

No. 6929

April 11, 1973                    508 P.2d 1013

*Robert E. Rose,* District Attorney, and *William L. Hadley,* Chief Deputy District Attorney, Washoe County, for Appellant.

*Roland W. Belanger,* District Attorney, and *Richard A. Wagner,* Deputy District Attorney, Pershing County, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

The complaint alleges that Peter A. Davidson, a resident of Pershing County, fell sick or was injured in Pershing County on November 4, 1969 and was admitted to Humboldt General County Hospital. On November 20, 1969 he was transferred to Washoe Medical Center. The following day, November 21, 1969, appellant notified Pershing County pursuant to NRS 450.400 that the privileges and use of Washoe Medical Center were extended to Mr. Davidson, and that since the patient was an indigent and entitled to care from Pershing County, Washoe Medical Center looked to Pershing County to be responsible for his bill.

The patient was discharged on January 1, 1970 on which date the account of $6,636.20 for his care became due and payable.

On August 20, 1970, almost 8 months after the patient's release from Washoe Medical Center, appellant submitted a claim to respondents for hospitalization in the amount of $6,636.20. This claim was denied on September 8, 1970 and on April 26, 1971 appellant filed suit against respondents.

The trial court granted respondents' motion to dismiss for failure to state a claim upon which relief can be granted because in the view of the trial court compliance with the claim statutes NRS 244.245–50 is a condition precedent to bringing an action against a county under NRS 450.400 and the complaint did not allege compliance with the claim statutes.

In this appeal we are presented with the question whether compliance with NRS 244.245–50 is a condition precedent to a suit by one county against another for recovery for medical services rendered by plaintiff county to an indigent resident of defendant county.

The extension of hospital services by a county hospital to an indigent resident of another county is governed by NRS 450.400 which provides as follows:

"1. When the privileges and use of the hospital are extended to a resident of another county who is entitled under the laws of this state to relief, support, care, nursing, medicine, medical or surgical aid from such other county, or to one who is injured, maimed or falls sick in such other county, the governing head shall immediately notify the board of county commissioners of such county.

"2. The notice shall be in writing and addressed to the board of county commissioners of such county.

"3. The board of county commissioners receiving the notice shall cause such person to be removed immediately to that county, and shall pay a reasonable sum to the hospital for the temporary occupancy, care, nursing, medicine, and attendance, other than medical or surgical, furnished such persons.

"4. If the board of county commissioners shall neglect or refuse to remove such person, or if in the opinion of the attending physician it is not advisable to remove such person, *the governing head shall have a legal claim* against the county for all occupancy, nursing, care, medicine, and attendance, other than medical or surgical attendance, necessarily furnished, *and may recover the same in a suit at law.*" (Emphasis added.)

Subsection 4, above, clearly grants a legal claim which is recoverable in a suit at law. NRS 450.400 does not, by its

terms, require compliance with the claim statutes. We conclude that such compliance was not intended since NRS 450.400 was enacted subsequent to the claim statutes and quite independently thereof.

Accordingly, the order granting respondents' motion to dismiss is reversed and the matter is remanded for trial.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.