682 P.2d 1143

**TUCSON MEDICAL CENTER, an Arizona, non-profit corporation, Plaintiff/Appellant,**

v.

**APACHE COUNTY, a body politic, Defendant/Appellee.**

No. 2 CA–CIV 4955.

Court of Appeals of Arizona, Division 2.

March 29, 1984.

Review Denied June 19, 1984.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by John Gabroy, Tucson, for plaintiff/appellant.

Stephen G. Udall, Apache County Atty. by Russell H. Burdick, Jr., St. Johns, for defendant/appellee.

Gammage & Burnham by Richard B. Burnham and Richard K. Mahrle, Phoenix, for amicus curiae St. Joseph's Hosp. and Medical Center.

**OPINION**

HOWARD, Judge.

The issue here is whether a private hospital which has rendered care to an indigent under A.R.S. § 11–297.01 must comply with A.R.S. § 11–622 by submitting a claim to the county before it can receive payment for its services. We hold that it does and affirm.

Tucson Medical Center (TMC) rendered emergency medical services from September 25, 1981, to December 2, 1981, to patient Baby Girl Browneyes, an indigent resident of Apache County. The cost of these medical services was $79,026.25, of which $48,966.30 has been paid by a non-county source.

TMC mistakenly sent a claim to Navajo County, believing that county to be the residence of the patient's mother. However, TMC was advised of its mistake, determined the county of residence to be Apache County, and filed a claim with that county on August 19, 1982, approximately eight and one-half months after the patient was discharged from the hospital.

Apache County declined to pay TMC's claim for services because it was not filed

within six months of the patient's date of discharge. TMC filed this complaint and Apache County responded and moved for a judgment on the pleadings which was granted by the trial court.

■ TMC claims that the trial court erred since the liability of a county to provide for indigent health care is purely a statutory liability and therefore the one-year statute of limitations for statutory actions governs and because TMC's rendering of emergency medical services constituted an equitable claim which does not fall within the ambit of the county claim statutes. We find these contentions to be without merit.

A.R.S. § 11–622 provides:

"A person having a claim against a county shall, within six months after the last item of the account accrues, present to the board of supervisors of the county against which the demand is held, a written itemized claim executed by him under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount thereof, and stating that the claim in each item thereof is justly due. The board shall not consider a claim unless the demand therefor is presented within such time."

A party making a claim against the county must allege compliance with the statutory claims procedure before his complaint states a cause of action or sets up facts conferring jurisdiction of subject matter on the court. *American Credit Bureau v. Pima County,* 122 Ariz. 545, 596 P.2d 380 (1979). In *Norcor of America v. Southern Arizona International Livestock Association,* 122 Ariz. 542, 596 P.2d 377 (1979), we set forth what claims need not be presented to the county. They are as follows:

"1. Claims specifically exempted by A.R.S. Sec. 11–621:

a. Compensation due to jurors and witnesses.

b. Official salaries.

2. County warrants. *Apache County v. Barth,* 6 Ariz. 13, 53 P. 187 (1898) rev. & rem. in part, 177 U.S. 538 [20 S.Ct. 718, 44 L.Ed. 878] (1900).

3. Claims for excessive taxes paid under written protest. *Arizona Eastern R.R. Co. v. Graham County,* 20 Ariz. 257, 179 P. 959 (1919).

4. Compensation for property taken by eminent domain. *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford,* 69 Ariz. 1, 206 P.2d 1168 (1949).

5. Claims for damages incurred by tort. *City of Phoenix v. Mayfield,* 41 Ariz. 537, 20 P.2d 296 (1933)." 122 Ariz. at 544, 596 P.2d 377.

All other claims must be presented to the county pursuant to § 11–622.

■ Appellant contends that the county's liability is one created solely by statute and, therefore, this action is governed by the one-year statute of limitations contained in A.R.S. § 12–541. This argument is frivolous. A.R.S. § 11–297.01(B) makes the county liable to a private hospital for emergency medical treatment and care of an indigent patient when it is medically inadvisable to move such patient to the county hospital or when the county does not move such patient from the private hospital within twelve hours after having been notified of the location and condition of the patient. Appellant argues that since the obligation of a county to render medical care to indigents is purely a statutory duty, being unknown to the common law, see *Allen v. Graham,* 8 Ariz.App. 336, 446 P.2d 240 (1968), that under the holding in *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford,* 69 Ariz. 1, 206 P.2d 1168 (1949), the one-year statute of limitations for actions based on statute applies and exempts appellant from having to file a claim with the county.

Even if we were to assume that TMC's cause of action was purely statutory, the *Warford* case does not stand for the proposition asserted by TMC. There were two questions in *Warford.* The first question was whether or not, in an eminent domain action, the landowner had to comply with the state's notice requirements. The court held that it did not have to do so since the

notice statute applicable at that time, § 17–316 to § 17–321, A.C.A. (1939), which provided the manner and time in which verified claims had to be filed, did not apply to an eminent domain claim but only to contractual obligations. The next question that the court decided was which statute of limitations applied, the one-year statute for claims based upon liability created by statute or a ten-year statute of limitations governing adverse possession. The court found that the one-year statute did not apply because the right of property in the individual and the damages for its taking or injury existed long prior to the adoption of the Constitution and would exist without the eminent domain provision. Since liability would exist in some form irrespective of the statute, it was not a liability created by statute. However, nowhere in *Warford* does the court state that when one has a claim based on liability created by statute that the claimant need not comply with the claims procedure. In fact, it has been held that a claimant whose claim is based on statute must comply with the claims statute. See *Yavapai County v. O'Neill*, 3 Ariz. 363, 29 P. 430 (1892) and *Cochise County v. Wilcox*, 14 Ariz. 234, 127 P. 758 (1912).

TMC also relies on *Washoe County ex rel. Washoe Medical Center v. Pershing County*, 89 Nev. 143, 508 P.2d 1013 (1973) to support his position. We do not agree. The facts in the Nevada case are not similar to ours. It involved a suit by one county against another and the relevant statute, NRS 450.400(4) stated:

"If the board of county commissioner shall neglect or refuse to remove such person, or if in the opinion of the attending physician it is not advisable to remove such person, *the governing head shall have a legal claim* against the county for all occupancy, nursing, care, medicine, and attendance, other than medical or surgical attendance, necessarily furnished, *and may recover the same in a suit at law.*" (Emphasis added.)

The Nevada Supreme Court said that subsection 4 clearly granted a legal claim which was recoverable in a suit at law and

did not by its terms, require compliance with the claim statutes.

The Nevada statute is to be compared with A.R.S. § 11–297.01(C) which states:

"The cost of hospital care and treatment at such private hospital or hospital operated by a university under the provisions of this section shall be a county charge payable by the county in which the patient maintains his residence to the private hospital or hospitals operated by a university at a rate determined by the same method used for reimbursing providers of services under federal medical assistance programs or at such lower rate as the county and the private hospital or hospital operated by a university may agree upon."

Our statute does not use the same language as the Nevada statute. Furthermore, the Nevada statute is a special statute governing the extension of hospital services by a *county hospital* to an indigent or resident of another county.

TMC's second argument for creating an exception to the claim statute is that "since the claim is equitable in nature, it did not have to be filed within six months after the patient was discharged." We have already rejected this argument in *American Credit Bureau v. Pima County*, supra.

The amicus suggests that we ought to make an exception for private hospitals rendering emergency medical care. We see no sound public policy reason to agree with this position or any sound public policy reason to excuse Tucson Medical Center for its failure to discover the status of its patient in a timely manner. The patient was in the hospital for almost four months. It had six months thereafter to discover the status of the patient. This argument should be addressed to the legislature and not to the courts.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.