## JAMES CARROLL v. PHILIP SIEBENTHALER.

SALARY OF AN OFFICE.—The salary of an office is incident to its title, and not to its occupation, and one elected to an office who has qualified and is ready to perform its duties, is entitled to its salary, even if it is occupied by an intruder.

PAYMENT OF SALARY OF OFFICE.—A salary of an office which is fixed at a monthly rate, becomes due and payable monthly.

IDEM.—The occupation of an office by an intruder does not have the effect of deferring the time of payment of the salary until the intruder is ousted.

CLAIM AGAINST COUNTY.—The Board of Supervisors of a county have no authority to allow an unaudited claim against a county, except it be done within one year after the claim shall accrue and become due.

AUDITOR NOT TO DRAW WARRANT FOR ILLEGAL CLAIM.—If the Board of Supervisors allow a claim against a county more than one year after it falls due, its action is void, and the Auditor should refuse to draw his warrant for the same.

THIS was an application to this Court for a writ of mandate.

At the general election held in the County of Amador on the 6th day of September, 1865, James Carroll was elected Supervisor of the First Supervisor District, in said county, for the term of three years, commencing on the 2d day of October, 1865. The Board of Supervisors, however, declared Charles H. Ingalls elected, and said Ingalls qualified and entered into possession of the office. Carroll commenced suit to try the right to the office in the District Court of the Eleventh Judicial District for Amador County, and the suit was pending until the 18th day of June, 1868, when it was adjudged in said action that Carroll had been elected, and was entitled to the office from the 2d day of October, 1865. Ingalls then vacated the office, and Carroll, who had qualified before October 2d, 1865, and had been at all times ready to perform the duties of the office, entered upon the discharge of such duties.

Carroll did not present a claim to the Board of Supervisors for a salary until August 3d, 1868, when he presented a claim for sixteen hundred dollars, being for thirty-two months salary, from October 2d, 1865, to July 2d, 1868.

CAL. REPS. XXXVII—25

The Board allowed the claim, and directed the Auditor to draw his warrant on the Treasurer for the amount. The defendant, who was then Auditor, refused to draw the warrant, and alleged in his answer that Ingalls had been paid by the county the salary attached to the office from October 2d, 1865, to June 18th, 1868, and that the plaintiff had not presented his claim to the Board of Supervisors for the months from October 2d, 1865, till July, 1867, until more than one year after the salary for these months became payable.

The other facts are stated in the opinion of the Court.

*Farley & Pawling,* and *John W. Armstrong,* for Petitioner, argued as follows: The statute (Wood's Dig., p. 694, Art. 3,319, Sec. 9, Subd. 9) confers upon the Board of Supervisors the judicial power " to examine, settle, and allow all claims legally chargeable against the county," etc. The statute also (Wood's Dig., p. 715, Art. 3,446, Sec. 1) makes it the duty of the Auditor to "draw his warrant on the Treasurer for the payment of all claims and demands legally chargeable against the county, which are according to law examined, settled, allowed, and ordered to be paid by the Board of Supervisors."

The Auditor cannot review the determination of the Board, but the allowance of the Board is conclusive, and its determination cannot be questioned in a collateral proceeding, except where the Board has rejected the claim, or some part of it. (*Crandall* v. *Amador County,* 20 Cal. 74; and *Pierce* v. *Sacramento County,* 6 Cal. 255.) The judgment of the Board of Supervisors is a judicial determination, and conclusive, unless in a direct proceeding to set it aside. (*Supervisors* v. *Briggs,* 2 Denio, 38; *El Dorado County* v. *Elstner,* 18 Cal. 147.)

*Henry S. Waldo,* for Respondent.

It is the duty of the Auditor to draw his warrant for claims *legally* chargeable against the county, and for no other. The power of the Board of Supervisors to allow claims is

limited to those legally chargeable.    (*People* v. *Supervisors of El Dorado County*, 11 Cal. 170.)    A large part of the plaintiff's claim was expressly barred by the statute, because not presented within one year after it became due, and was therefore not *legally* chargeable against the county.

By the Court, RHODES, J.:

The principle that the salary annexed to a public office is incident to the title to the office, and not to its occupation and exercise, was affirmed in *Dorsey* v. *Smith*, 28 Cal. 21, and *Stratton* v. *Oulton*, 28 Cal. 44.    The petitioner having been elected and qualified, and being ready and willing to enter upon the discharge of the duties of his office, became entitled to the salary attached to the office, and his right to the salary was unaffected by the fact that an usurper discharged the duties of the office.    (*Dorsey* v. *Smith, supra.*)

The Act of February 7th, 1860 (Stats. 1860, p. 20) authorized the Board of Supervisors to fix the salary of the members of the Board, but the salary of each member was not to exceed six hundred dollars per annum.    The Board, under the authority granted, fixed the salary at the rate of fifty dollars per month.    The salary, having been fixed at a monthly rate, became due and payable monthly, in the absence of any provision in the Act or the order of the Board establishing a different rule.    The occupation of the office by an intruder did not have the effect to defer the time of payment until the intruder was ousted.    The petitioner's right to the salary depended, as we have said, upon his right to the office, and his performance or readiness to perform its duties, and therefore the right to the salary could not possibly have its origin in the judgment determining that he was entitled to the office from the commencement of the term for which he was elected.    Had the intruder vacated the office or died immediately before the time when the action was brought to determine the title to the office, and had the petitioner then

entered into office, his right to the back salary would have been as clear as it now is; and it is scarcely possible that he would have relinquished the claim to the salary because he could not obtain a judgment affirming his title to the office.

It is provided by the Act of March 5th, 1864, "more effectually to limit the term for the presentation and allowance of claims against counties," (Stats. 1863–4, p. 152,) "that no unaudited claim or demand of whatever description shall hereafter be approved, allowed, or paid out of any county treasury, or out of any public funds of any county, unless such claim or demand be duly presented to and be duly audited and allowed by the proper auditing officer, Board, or authority, within one year after such claim or demand shall accrue or become due and payable. * * * All claims and demands not presented and allowed * * * as aforesaid, shall be forever *barred* and *extinguished.*" After the expiration of that time the county does not remain liable for those claims and demands, because they are extinguished. The Board of Supervisors have no authority to audit or allow them, for they are not county charges. Were this a question of error in the exercise of discretion, or in any other respect, in a matter of which the Board had jurisdiction, there would be sufficient grounds for holding that their order would be conclusive; but in a matter of which the Board has no jurisdiction, any other order than one of dismissal or rejection is simply void. If a claim is barred and extinguished, the Board has no more authority to allow it than one that has not accrued. The statute is not merely advisory to the Board, but it is peremptory, commanding the Board not to allow, and the other officers not to pay, claims that are barred and extinguished. It was not intended that the Board should have power, under the Act, to allow the claims of friends and reject those of enemies, which were not presented within the statutory period. The rule of the statute is inflexible and peremptory. The non-presentation of the claim within the year extinguishes it. It is not only the right, but it is the duty of the Auditor and

Treasurer to disregard an order which, upon its face, appears to be without the jurisdiction of the Board of Supervisors. The salary in this case becoming due monthly, the petitioner was not entitled to have an allowance, nor was the Board authorized to make an allowance, unless the claim or demand was presented within the year next after it accrued.

The Auditor correctly refused to draw his warrant for the sum of sixteen hundred dollars, the amount allowed by the Board of Supervisors, and no demand having been made for a warrant for any less amount, the Auditor was not in default.

The parties, however, have stipulated that "if the Court should find that any part of the disputed claim is due to the petitioner, it shall render judgment for such amount." The salary for one year next preceding the presentation of the claim—the sum of six hundred dollars—was due, and should have been allowed to the petitioner.

Peremptory mandate allowed, commanding the defendant to issue a warrant, as prayed for, for the sum of six hundred dollars, but without costs.