[Sac. No. 1241.   Department Two.—July 8, 1904.]

ROBERT PERRIN, Appellant, v. A. S. HONEYCUTT, Auditor of Madera County, Respondent.

TAXES—REDEMPTION OF LAND SOLD TO STATE—EXCESSIVE PAYMENT—
ALLOWANCE OF BARRED CLAIM—JURISDICTION OF SUPERVISORS.—The
board of supervisors is an inferior tribunal of special and limited
powers, and it has no jurisdiction to allow a claim for an excessive
payment made upon the redemption of land sold to the state for
taxes, which was presented for allowance more than one year after
the payment was made and the claim therefor accrued.   The board
has no power to dispense with the express mandates of the statute
forbidding such allowance.

ID.—DUTY OF AUDITOR AND TREASURER—MANDAMUS.—It was the duty
of the auditor and treasurer to disregard an allowance which
upon its face shows that it was barred by statute and allowed by
the supervisors without jurisdiction; and the writ of *mandamus*
will not lie to compel the auditor to draw his warrant upon the
treasurer for payment of such allowance.

ID.—MISTAKEN ESTIMATE OF AUDITOR—DISCOVERY OF MISTAKE—PROV-
INCE OF WRIT OF MANDATE.—The fact that the excessive payment
was owing to a mistaken estimate of the auditor as to the amount
of redemption money required, and that the plaintiff did not dis-
cover the mistake until a short time before the claim was presented
for allowance, cannot sustain the jurisdiction of the board to allow
a claim on its face barred by statute; nor can the writ of mandate
be used to obtain relief on the ground of fraud or mistake.   It can
only be allowed in a clear case to "compel the performance of an
act which the law specially enjoins as a duty resulting from an
office, trust, or station."

APPEAL from a judgment of the Superior Court of
Madera County.   W. M. Conley, Judge.

The facts are stated in the opinion.

W. H. Larew, for Appellant.

R. R. Fowler, for Respondent.

COOPER, C.—Defendant's demurrer to the plaintiff's verified petition for a writ of mandate was sustained, and judgment entered in favor of defendant. Plaintiff appeals from the judgment.

It appears, from the petition, that the defendant is and was at all times named therein the county auditor of Madera County.

That on the second day of October, 1901, by reason of an error and mistake, made by defendant, as auditor, in his estimate of the amount necessary to redeem certain real estate, situate in Madera County, and which had been sold to the state for delinquent taxes, the plaintiff paid to the county treasurer of said county $533.89, in penalties for delinquency, in excess of what was required by law, and in excess of what was due, for the purpose of redeeming the said land; that plaintiff did not know of the said error and mistake in the defendant's estimate, and that the said sum was paid by reason of the said mistake in the auditor's estimate and not otherwise; that the mistake was not discovered by plaintiff, and he did not know of the same until January, 1903, and immediately upon discovering said mistake in paying said excess, plaintiff made a demand upon the board of supervisors of said county that the said sum be refunded to him; that on the sixth day of March, 1903, plaintiff filed his claim, duly itemized, showing in detail the said error or mistake, which claim was duly verified as required by statute and in due form; that thereupon, on said last-named day, the board of supervisors made an order that the said sum be refunded to plaintiff, and directing the defendant to draw his warrant upon the county treasurer therefor; that the said order has been duly presented to defendant and demand made upon him that he draw his warrant in favor of plaintiff as directed by the said order of the board of supervisors, but defendant refused to, and still refuses to, draw the said warrant or obey the order so made by the said board of supervisors. A copy of the auditor's estimate, showing the total amount necessary

to redeem to be $4,643.80, and the error or excess of $533.89 is annexed to the claim of plaintiff so filed with the board of supervisors, and is made an exhibit to the petition.

The defendant's demurrer to the petition was upon the ground "that the petition does not state facts sufficient to show that plaintiff is entitled to the writ and that the proceeding is barred by the provisions of section 3804 of the Political Code, as amended in the year 1901 (Stats. 1901, p. 648); also by the provisions of section 40 of the County Government Act of the year 1897." The defendant, as auditor, was justified in refusing to draw his warrant for the amount, if the board had no power to allow the claim. The board of supervisors is an inferior tribunal of limited and special powers. Its sole power to allow claims is that given by statute. Plaintiff's claim is based upon section 3804 of the Political Code, which provides: "Any taxes, penalties or costs thereon paid more than once, or erroneously or illegally collected, or any taxes paid upon an assessment in excess of the actual cash value of the property so assessed, by reason of a clerical error of the assessor, as to the excess in such cases, or any tax paid upon an erroneous assessment of improvements on real estate not in fact in existence when said tax became a lien, may, by order of the board of supervisors, be refunded by the county treasurer; . . . provided further, however, that no order of the board of supervisors to refund taxes, penalties or costs shall be made except upon a verified claim therefor filed within *six months* after the making of the payment sought to be refunded, or, in the case of a double payment of taxes, within two years after such payment."

Section 40 of the County Government Act of 1897 (Stats. 1897, p. 470) provides that the board of supervisors must not allow any claim in favor of any person against the county unless upon a properly itemized and verified claim "presented and filed with the clerk of the board *within a year* after the last item of the account or claim accrued."

The claim of plaintiff was filed and presented more than one year after it accrued, and hence the board not only had no power, but was expressly prohibited from allowing it. It had no power to dispense with the express mandates of the statute.

It was said by this court in *Carroll* v. *Siebenthaler*, 37 Cal.

196: "If a claim is barred and extinguished, the board has no more authority to allow it than one that has not accrued. The statute is not merely advisory to the board, but it is peremptory, commanding the board not to allow, and the other officers not to pay, claims that are barred and extinguished. It was not intended that the board should have power under the act to allow the claims of friends and reject those of enemies, which were not presented within the statutory period. The rule of the statute is inflexible and peremptory. The non-presentation of the claim within the year extinguishes it. It is not only the right, but it is the duty of the auditor and treasurer to disregard an order which, upon its face, appears to be without the jurisdiction of the board of supervisors."

Appellant claims that the cause of action is one for relief on the ground of mistake, and that it comes within the provisions of section 338 of the Code of Civil Procedure, and he relies upon *Hayes* v. *County of Los Angeles,* 99 Cal. 74. That case was an action brought in the superior court to recover money paid without consideration and by mistake. The board of supervisors had rejected the claim, and the power of the board to allow a claim in such case is not discussed. The case is not in conflict with what has here been said. This is a proceeding to obtain a peremptory writ to compel defendant to perform a duty. It was not his duty to draw a warrant for a claim which the board of supervisors had no authority to allow. The writ of mandate cannot be used to obtain relief on the ground of fraud or mistake. When it is applied for there must be a clear case to "compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

It is not necessary to decide as to the constitutionality of section 3804 of the Political Code, as the board was prohibited from allowing the claim by the County Government Act. If the section is unconstitutional, it would seem that the plaintiff could not in any case recover upon his claim.

We advise that the judgment be affirmed.

Harrison, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied, the petition therefor having been received too late for action.