[No. 82. Third Appellate District.—November 23, 1905.]

CHARLES H. MURPHY, Appellant, v. F. A. BONDSHU, Auditor of Mariposa County, Respondent.

TAXES — REDEMPTION FROM SALE TO STATE — EXCESSIVE PAYMENT — LIMITATION UPON POWER OF SUPERVISORS—MANDAMUS TO AUDITOR. The supervisors have no jurisdiction to allow an excessive claim for money paid upon redemption from a sale to the state for delinquent taxes, owing to an erroneous estimate of the auditor, where such claim was presented for allowance more than one year after the payment was made, and the claim therefor accrued; and mandamus will not lie to compel the auditor to allow such claim, nor to obtain relief on the ground of fraud or mistake in the auditor's estimate.

ID.—CASE AFFIRMED AND APPLIED.—The case of *Perrin* v. *Honeycutt,* 144 Cal. 87, is affirmed and applied to the facts of the present case.

ID.—ACTION FOR MANDATE TO RECOVER EXCESS.—The action for the writ of mandate to compel payment of the excess is not one for the relief on the ground of mistake, and does not c me within section 338 of the Code of Civil Procedure, but is an action for relief under section 3804 of the Political Code.

ID.—AMENDMENT OF ACT—SUFFICIENCY OF TITLE.—The act of March
23, 1901 (Stats. 1901, p. 647), adding certain sections to the
Political Code, re-enacting others, and ammending others, in-
cluding section 3804, and repealing other sections, "all relating to
the revenue and taxes of this state, and fixing the time within
which claims for refunds of taxes must be paid," is not uncon-
stitutional as embracing more than one subject of legislation in
its title, within the meaning of section 24 of article IV of the con-
stitution.

APPEAL from a judgment of the Superior Court of Mari-
posa County. J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

J. S. Larew, for Appellant.

J. A. Adair, for Respondent.

CHIPMAN, P. J.—Mandate. The petition avers: That de-
fendant is auditor of the county of Mariposa, and that on
December 27, 1900, he "by errors and mistakes . . . made
in the estimate of the amount necessary to redeem a certain
piece of real estate, assessed to . . . plaintiff herein, . . .
and sold to the state of California for delinquent taxes, the
plaintiff paid to the county treasurer of Mariposa county
on said date the sum of $3.61 in penalties for delinquencies,
in excess of what was due upon the redemption of said real
estate; that at the time of said payment the said plaintiff
herein, and all persons on his behalf did not know of said
errors or said mistakes in the auditor's said estimate," and
that by reason of said errors, said payment was made; that
said errors and mistakes and the fact that payment in excess of
what was due had been made by the plaintiff, were not dis-
covered by plaintiff, and he had no knowledge thereof prior
to the month of February, 1903; that immediately on dis-
covery of said errors and mistakes, plaintiff employed coun-
sel to collect his said claim, and on July 1, 1903, filed an
itemized statement with the board of supervisors, "accom-
panied by an affidavit showing that the said sum of $3.61
belonged to and was due to the plaintiff herein"; that said
board, on September 23, 1903, made an order that said sum
be paid to plaintiff and directed the auditor (defendant) to

draw his warrant for the same; that on September 24, 1903, plaintiff made demand on defendant to draw his warrant for said sum as so directed, but he refused and still refuses so to do.

Defendant interposed a general demurrer; also pleaded by demurrer that the action is barred by section 3804 of the Political Code; also that it is barred by section 4072 of the same code; also that it is barred by section 40 of the County Government Act of 1897. Defendant also demurred specially on several grounds which need not be stated, in view of the conclusion we have reached.

The court sustained the demurrer without leave to amend, and gave judgment for defendant, from which plaintiff appeals.

So far as we can discover, the case at bar is similar in all respects to *Perrin* v. *Honeycutt*, 144 Cal. 87, 77 Pac. 776]. It was there held that the board of supervisors had no jurisdiction to allow the claim, because (1) presented for allowance more than one year after the payment was made and the claim therefor accrued (County Government Act of 1897, sec. 40; Stats. 1897, p. 470); (2) that the auditor was justified in refusing to draw his warrant for the amount if the board had no power to allow the claim; (3) the writ of mandate cannot be used to obtain relief on the ground of fraud or mistake, the court saying: "When it is applied for there must be a clear case to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

It was also held that the action is not one for relief on the ground of mistake, and does not come within section 338 of the Code of Civil Procedure, but is an action brought for relief under section 3804 of the Political Code. The court declined to consider the question then and now raised as to the constitutionality of section 3804, because the board of supervisors was prohibited from allowing the claim by the County Government Act, and hence the six months' limitation provided by section 3804 need not be passed upon.

The court said: "If the section is unconstitutional, it would seem that the plaintiff could not in any case recover upon his claim."

We think the petition shows on its face facts sufficient to raise the question of the statutory bar by demurrer.

The contention that the act is unconstitutional as violative of section 24, article IV of the constitution, because, as is alleged, "two subjects of legislation are embraced in the act of 1901 (Stats. 1901, p. 647), viz., 'revenue and taxation,'" cannot be maintained. The act is entitled, an act to add certain sections to the Political Code; to re-enact others; to amend others (among them section 3804), and to repeal others, "all relating to the revenue and taxes of this state, and fixing the time within which claims for refunds of taxes must be made." It was held in *San Francisco etc. R. R. Co.* v. *State Board,* 60 Cal. 12, that a title expressing the object of the act to be "to amend section . . . " of a named code "relating" to the particular object treated of in the body of the act, is valid. All the sections embraced in the act of 1901 pertain to the revenue and tax system of the state. The constitution reads: "Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title. . . ." Here, the subject was embraced in the act, and, by reference to the number of the code section (3804), was also expressed in the title. Furthermore, it has been held that numerous provisions having one general object fairly indicated by the title may be united. (*Ex parte Liddell,* 93 Cal. 633, [29 Pac. 251]; *People* v. *Parks,* 58 Cal. 624; *Ex parte Kohler,* 74 Cal. 38, [15 Pac. 436].)

Some doubt of the authority of *Perrin* v. *Honeycutt* seems to be entertained by counsel for appellant, because the petition for rehearing was not considered, the reason being that it was received too late for action.

*Non constat* but that had a rehearing been granted, the department decision would have been affirmed.

The decision stands unimpaired, and must rule this case. The judgment is affirmed.

McLaughlin, J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1906.