[Civil No. 1252.    Filed October 5, 1912.]

[127 Pac. 758.]

COCHISE COUNTY, Appellant, v. GEO. B. WILCOX, Clerk of the District Court of the Second Judicial District of the Territory of Arizona, Appellee.

1. COUNTIES—CLAIMS AGAINST—TIME FOR PRESENTATION.—Under Civil Code of 1901, paragraph 989, providing that every person having a claim against any county with certain exceptions shall, within six months after the last item of the account accrues, present a demand therefor in writing to the board of supervisors, and paragraph 993 providing that the board of supervisors must not hear or consider any claim unless an account properly made out and verified is presented within six months, where such a demand is presented after the period of six months is past the board of supervisors has no jurisdiction except to reject the claim.

2. COUNTIES—CLAIMS AGAINST—TIME FOR PRESENTATION—"SALARY"— "FEES."—A clerk of the district court was given a stated salary, together with fees paid in civil actions by the litigants and in nearly all criminal actions by the county. When a demand for fees was presented to the board of supervisors, it was necessary to check every item and deduct erroneous charges, and extrinsic evidence was sometimes necessary to determine the correctness of particular items. *Held,* that a claim of such clerk against a county for fees in actions brought for the collection of delinquent taxes was not a claim for a "salary" within Civil Code of 1901, paragraph 989, requiring the presentation of claims against the county within six months, but providing that this requirement shall not apply to claims for official salaries made demand against the county by some express provision of law; the words "salary" and "fees" having their ordinary signification, the distinction between which is that a salary is a fixed compensation for regular work, while fees are compensation for particular services rendered at irregular periods, payable at the time the services are rendered.

3. COUNTIES — CLAIMS AGAINST—TIME FOR PRESENTATION — "LAW OF LIMITATION."—The provision of Civil Code of 1901, paragraph 989, requiring claims against counties to be presented within six months, is not a "law of limitation" within Civil Code of 1901, paragraph 2968, providing that laws of limitation shall not be available in any suit unless specially pleaded as a defense, but is a special statutory limitation of the essence of the right created, and the lapse of which not only bars the remedy but extinguishes the right.

4. COUNTIES—CLAIMS AGAINST—TIME FOR PRESENTATION—"ACCRUES."— Within Civil Code of 1901, paragraph 989, requiring claims against counties to be presented within six months after the last item of the account accrues, the last item of the account "accrues" at the time such last item of service is performed, and the six months' limitation runs from that time, and not from the time when a demand is made for allowance of such account.

5. COUNTIES—CLAIMS AGAINST—STATUTORY PROVISIONS—APPLICABILITY. A clerk of a district court, in seeking to establish and enforce a claim for fees against a county, must comply with Civil Code of 1901, paragraphs 953–1048, relative to such claims, even though such fees are due him under an act of Congress.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Mr. W. G. Gilmore, for Appellant.

Mr. Lee O. Woolery, for Appellee.

McALISTER, J.—The appellee, Geo. B. Wilcox, brought this action against Cochise county for the recovery of $1,317.85 alleged to be due him for services rendered as clerk of the district court of the second judicial district of the territory of Arizona between the fifth day of July, 1907, and the sixteenth day of February, 1909, in the matter of suits brought in said court for the collection of delinquent taxes, after his formal demand therefor had been presented to the board of supervisors of said Cochise county on June 6, 1910, and by said board disallowed *in toto*. The county interposed a general demurrer to the plaintiff's complaint, which demurrer was overruled, and the defendant county electing to stand upon its demurrer, judgment was rendered

in favor of the plaintiff, whereupon the county prosecutes this appeal.

The complaint shows on its face that the last item of appellee's claim accrued February 16, 1909, and that his itemized account and demand therefor in writing, duly verified by the affidavit of appellee, was presented to the board of supervisors of Cochise county for allowance more than six months after the last item of said account accrued, viz., June 6, 1910. For this reason appellant contends that no cause of action is stated, and its demurrer should have been sustained and judgment rendered for the defendant, while the position of appellee is that the six months' period prescribed in paragraph 989 of the Revised Statutes of 1901, for presenting a claim for allowance to the board of supervisors, is a law of limitation and cannot avail appellant because it has not been specially pleaded as a defense as provided by paragraph 2968 of the Revised Statutes of 1901. Appellee contends further that the term "official salary" includes "fees," which brings him within the exception in paragraph 989. The only error assigned is the order overruling the demurrer, and, if appellant's contention is sound, the ruling cannot be sustained.

Was the action of the board of supervisors disallowing appellee's claim correct? Paragraph 989 (section 62) provides: "Every person having a claim against any county in this territory, excepting those referred to in the provisions of this section, shall, within six months after the last item of the account accrues, present a demand therefor, in writing, to the board of supervisors of the county against which such claim or demand is held, verified by the affidavit of himself or agent, stating minutely what the claim is for, and specifying each several item and the date and amount thereof: Provided, that nothing herein shall be held to apply to the claims for compensation due to jurors and witnesses, and for official salaries, which, by some express provision of law, is made a demand against the county." If a written demand for clerk's fees, verified by the affidavit of the claimant or his agent, and stating minutely what the claim is for, and specifying each several item and the date and amount thereof, be presented to the board of supervisors for allowance more than six months after the last item of the account accrues, what can the board do? The answer is found in paragraph 993, which reads as

follows: "The board of supervisors must not hear or consider any claim in favor of an individual against the county unless an account properly made out, giving all items of the claim, duly verified as to its correctness, and that the amount claimed is justly due, is presented to the board within six months after the last item of the account accrued, except as provided in section 62 of this chapter." It follows necessarily that, if the board "must not hear or consider" a demand presented after the period of six months has passed, it has jurisdiction to make no order other than one of rejection or disallowance. In construing a similar statute, the supreme court of California said: "Section 40 of the county government act of 1897 (Stats. 1897, p. 470) provides that the board of supervisors must not allow any claim in favor of any person against the county unless upon a properly itemized and verified claim 'presented and filed with the clerk of the board within a year after the last item of the account or claim accrued.' The claim of plaintiff was filed and presented more than a year after it accrued, and hence the board not only had no power, but was expressly prohibited from allowing it. It had no power to dispense with the express mandates of the statute." *Perrin* v. *Honeycutt,* 144 Cal. 87, 77 Pac. 776; *Murphy* v. *Bondshu,* 2 Cal. App. 249, 83 Pac. 278; *Carroll* v. *Siebenthaler,* 37 Cal. 196; *Rhoda* v. *Alameda County,* 52 Cal. 350.

Paragraph 988 provides: "No payment shall hereafter be made from the treasury of the counties of this territory unless the claim or demand shall be duly allowed according to the provisions of this title." Title 14, chapter 2, Revised Statutes of 1901, entitled "County Government," in which the sections quoted above are found, provides for the manner of establishing and enforcing claims against a county, and this court held in *Yavapai County* v. *O'Neill,* 3 Ariz. 363, 29 Pac. 430, that the remedy there prescribed was exclusive, using this language: "Presentation of every claim against the county to the board of supervisors for its action should be a condition precedent to the maintenance by the claimant of an action thereon; that the remedy so prescribed for the establishment and enforcement of claims for money against a county is exclusive." Not having followed the exclusive remedy prescribed by statute for the establishment and enforcement of his claim, appellee cannot now be heard to complain of the

action of the board in disallowing it, unless he comes within the exception in section 989.

Does the term "official salary," as used in section 989, include the word "fees"? At the time the fees in question in this action were earned, the compensation of appellee, as clerk of the district court, was a stated salary per month, together with the fees prescribed by statute, which were paid in civil actions by the litigants, and in nearly all criminal actions by the county. When a demand for fees due the clerk was presented to the board of supervisors for consideration, it was necessary that every item be checked, and, if any erroneous charges appeared thereon, that they be deducted. It sometimes happened that extrinsic evidence was necessary to determine the correctness of a particular item or items of a clerk's fee bill. This being true, the reason for the existence of the statute requiring a claimant to present his demand for allowance within six months after the last item of the account accrues is just as apparent in the case of a demand for clerk's fees as it would be for any claim for particular services rendered at irregular periods. The legislature evidently intended that a claim for services rendered the county by a clerk of the court, or any other person, should be presented to the board for allowance before such a time could elapse as to make it difficult to produce the evidence necessary to establish its correctness. The terms "salary" and "fees," as used in this connection, have, we think, the meaning usually attached to these words. What do they ordinarily signify? Salary: "A periodical allowance made as compensation to a person for his official or professional services, or for his regular work." Standard Dictionary. Fee: "A payment for services done or to be done, usually for professional or special service, the amount being sometimes fixed by law or custom and sometimes optional." Id. "The distinction between salary and fees recognized by all the authorities is this: A salary is a fixed compensation for regular work, while fees are compensation for particular services rendered at irregular periods, payable at the time the services are rendered." *Board of Supervisors* v. *Trowbridge*, 42 Colo. 449, 95 Pac. 554. "By the ordinary acceptation of the term 'fees,' as heretofore and now used in the statute, we understand it to signify compensation or remuneration for particular acts or services rendered

by public officers in the line of their duties, to be paid by the parties, whether persons or municipalities, obtaining the benefit of the acts, or receiving the services, or at whose instance they were performed (*Musser* v. *Good*, 11 Serg. & R. (Pa.) 247; *Tillman* v. *Wood*, 58 Ala. 578), while the term 'salary' denotes a recompense or consideration to be paid a public officer for continuous, as contradistinguished from particular, services, and may be denominated 'annual or periodical wages or pay.' . . . Lexicographers and some authorities class 'salary' and 'wages' as synonymous. . . . But not so with the terms 'salary' and 'fees,' as they appear generally to be distinguished very much as indicated above." *Landis* v. *Lincoln County*, 31 Or. 424, 50 Pac. 530. "There are now, and were at the adoption of our constitution, at least three modes in use of compensating persons engaged in the public service, viz., fees, salary, and wages. These modes are all different, each from the other, and the difference between them has been immemorially well understood. Fees are compensation for particular acts or services, as the fees of clerks, sheriffs, lawyers, physicians, etc. Wages are the compensation paid, or to be paid, for services by the day, week, etc., as of laborers, commissioners, etc. Salaries are the per annum compensation to men in official and some other situations. The word 'salary' is derived from 'salarium,' which is from the word 'sal,' 'salt,' being an article in which Roman soldiers were paid." *Cowdin* v. *Huff*, 10 Ind. 83. See, also, *Board* v. *Wasson*, 74 Ind. 133; *Seiler* v. *State*, 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448; *Henderson* v. *Koenig*, 168 Mo. 356, 57 L. R. A. 659, 68 S. W. 72; *State* v. *Speed*, 183 Mo. 186, 81 S. W. 1260. On principle and authority we are forced to the conclusion that the word "salary," as used in section 989, does not include the term "fees."

Is the limitation prescribed in section 989 a "law of limitation" within the meaning of paragraph 2968, Revised Statutes of 1901? As we have seen, the board of supervisors has no authority whatever either "to hear or consider" a claim not presented for allowance within six months after the last item of the account accrues, and that in such a case the only order the board has jurisdiction to enter is one of "rejection or disallowance"; presentation within the stated six months being a condition precedent to the right even to "hear or consider."

If, therefore, the board cannot even "hear or consider" a demand not presented within the prescribed period, the limitation in section 989 is more than a "law of limitation to be made available only when specially pleaded"; it affects not only the remedy, but goes to the very right of the plaintiff to maintain any action whatever. "A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitations the rules of law governing pure statutes of limitation, applicable to all classes of actions, have no application; they are to be determined by the law of the place under which the right of action arose or the contract was made, and are not to be treated as waived merely because they are not specially pleaded": 19 Am. & Eng. Ency. of Law, 2d ed., 150; *Hill* v. *Supervisors,* 119 N. Y. 344–347, 23 N. E. 921; *Carroll* v. *Siebenthaler, supra; Yavapai County* v. *O'Neil, supra.* Appellee had a "given right" to present his claim for allowance, but that right was qualified by the special statutory limitation requiring that it be presented within six months after the accrual of the last item of the account, and a lapse of this prescribed period operated to extinguish the right altogether. Paragraph 2968 governs pure statutes of limitation and cannot be held to apply to the limitation expressed in paragraph 989.

Counsel for appellee argues that by the term "accrues," as used in paragraph 989, is meant the time when demand for allowance is made, and that limitation does not begin to run until that date. If demand marks the beginning of the six months' period, the running of the statute ceases the moment it begins, and consequently the limitation in section 989 has no reason for existence when applied to a case of the nature of the one we are considering. Between the date of the accrual of the last item of the account and the time of presentation for allowance, which is demand, a period of six months may elapse. This being true, there is no construction of which the term "accrues" is susceptible that would render it the

equivalent of demand. If the wording of the statute had read "within six months after the last item of service is performed," it would have conveyed the same meaning we attach to it in its present form. It is true that paragraph 1269 of the Revised Statutes required the clerk to render the services without the fees being paid in advance. The moment the last item of the services was rendered, however, payment therefor became due, if the county was liable at all, and demand should have been presented within six months thereafter. In considering the word "accrue," the Alabama supreme court said: "In the mechanic's lien law of 1876, requiring every original contractor to file his demand within six months after the indebtedness had 'accrued,' accrued means 'having come to maturity, or to be due and payable'; or, in other words, it indicates the time when the work contracted for is completed, or the materials furnished, one or both, as the case may be, and the account for the sale is past due": *Cutcliff* v. *McAnally*, 88 Ala. 507, 7 South. 331.

We will not discuss the contention of appellee that the fees alleged to be due him are those provided by the legislation of Congress for the guidance of clerks of circuit and United States district courts, and consequently that Act 92 of the Twenty-second Legislature, providing that in delinquent tax cases the clerk's fees shall be taxed as costs, but that "in no case shall the territory or county be liable for such costs," is invalid because in conflict with an act of Congress. It matters not which fee bill prevails; appellee is governed by the law of the territory in seeking to establish and enforce his claim against the county. This law is found in chapter 2, title 14, *supra*, and its provisions, as held by this court in *Yavapai County* v. *O'Neil, supra,* are exclusive.

The complaint shows affirmatively on its face that the right to present the claim to the board of supervisors for allowance had elapsed on June 6, 1910, for the reason that the provisions of paragraph 989, Revised Statutes of 1901, were not followed by appellee in his attempt to establish and enforce his claim against the county. For this reason the judgment of the trial court is reversed, and the case is remanded to the superior court, with instructions to sustain the demur-

XIV Ariz.—16

rer and dismiss the action; costs in both courts to be paid by appellee.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—Judge CUNNINGHAM being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 4 of the constitution, called in Hon. A. G. McALISTER, Judge of the superior court of the state of Arizona, in and for the county of Graham, to sit with them in the hearing of this case.

NOTE.—As to the effect of allowance or disallowance of claims against a municipality, see note in 55 Am. St. Rep. 203.

As to when presentation of claims against a municipality may be made, see note in Ann. Cas. 1913A, 348.

As to the amount of damages recoverable against a municipality as affected by the statement of damages in a claim previously filed, see note in Ann. Cas. 1913B, 869.