[Civil No. 3823. Filed April 19, 1937.]

[67 Pac. (2d) 232.]

MARICOPA COUNTY, a Body Politic, Appellant, v. TOM SHARRIT, Appellee.

Mr. Harry Johnson, County Attorney, and Mr. E. G. Frazier, Deputy County Attorney, for Appellant.

Mr. Renz L. Jennings and Mr. J. Irvin Burk, for Appellee.

ROSS, J.—This is an action against Maricopa County by Tom Sharrit, an employee, for a balance of wages claimed by him under the minimum wage law. Chapter 12, Laws 1933. The employment was that of stationary engineer at the county courthouse and extended from February 17, 1933, to the first day of January, 1935. For his services Sharrit was paid, as per agreement, $175 per month until June or July, 1933, and thereafter $157.50 per month. He claimed that under the minimum wage law he should have received for his services $1 per hour, that being the minimum wage fixed by the State Highway Commission for the kind of labor he performed. On that basis he made out and on April 4, 1935, filed with the clerk of the board of supervisors a demand for 5,312 hours of labor at $1 per hour, less the amount he had been paid, to wit, $3,625.42, or for a balance of $1,686.58, with interest at 6 per cent. from February 17, 1933, the day he began his employment. The following day, April 5, 1935, he commenced this action against the county for said claimed balance.

The county by proper pleadings insisted that the action was prematurely brought in that the board of supervisors had not considered and passed upon plaintiff's demand, and had not had time to do so; that the demand had not been rejected by the board, a condition precedent to the right of action; also, that the demand on its face showed that the one-year statute of limita-

tions had run as to all items that accrued more than one year prior to April 4, 1935, the date the demand was filed. The court ruled against the county on these pleas and after trial gave plaintiff judgment for $642.76, with legal interest from date of judgment.

The county has appealed, insisting that the court erred in not sustaining its plea in abatement, also its plea in bar of the items against which limitation had run.

■ It is settled law in Arizona, and has been since the decision in *Yavapai County* v. *O'Neill*, 3 Ariz. 363, 29 Pac. 430, that one (except jurors and witnesses for compensation due, and officers for official salaries) having a demand against a county must make out an itemized, verified statement thereof and present it to the board of supervisors for its consideration and approval or rejection before it can be paid or an action can be brought thereon.

In section 782, Revised Code of 1928, is found the provision regulating the time when the board may or must consider and pass upon demands against the county. It reads as follows:

"No demand shall be considered by the board unless made out as prescribed in the preceding section, and filed by the clerk at least one day prior to the session at which it is to be considered. Demands so filed shall be considered and passed upon at the next regular session after they are presented, unless for good cause the board postpones the same to a future session."

The regular meetings of the board of supervisors are required to be held on the first Monday of each month (or Tuesday when Monday is a holiday), but the meetings of the board may be continued from day to day until all the business before it is disposed of. Section 770, Id. Owing to the great amount of business brought before the board of supervisors of Maricopa county, according to the evidence, it held

meetings on Monday, Wednesday, and Friday of each week. These meetings, of course, being adjournments of the regular meeting of the first Monday of the month. In 1935 the first Monday in April fell on the first day of the month. The demand of plaintiff was filed on Thursday, the fourth day of the month. It was not filed before the regular April meeting, but during such meeting and four days after it commenced.

Section 782, *supra,* is a revision of paragraph 2435, Revised Statutes of Arizona, Civil Code 1913, the first sentence of which reads:

"2435. No account shall be passed upon by the board unless made out as prescribed in the preceding section, and filed by the clerk at least one day prior to the session at which it is *asked* to be heard." (Italics ours.)

It will be noticed that the revision provides that no account shall be passed upon unless filed at least one day prior to the session at which it is considered, whereas before the revision it read "at which it is *asked* to be considered." (Italics ours.) The change in phraseology did not change the meaning. *In re Sullivan's Estate,* 38 Ariz. 387, 300 Pac. 193; *Maloney* v. *Moore,* 46 Ariz. 452, 52 Pac. (2d) 467. The filing of the demand on April 4th must be regarded as an *asking* by claimant that it be passed upon during the regular April meeting or one of its adjournments. Clearly, the claim was not filed at least one day prior to the April regular meeting. The last sentence of section 782 provides that demands asked to be considered at a session "shall be considered and passed upon at the next regular session" after presentation, unless postponed for good cause. Plainly, the board had until the first Monday in May, the next regular meeting day, in which to consider the demand, or, if the board felt that it should further investigate the claim, it could continue consideration to a future meeting.

■ Although it is admitted that the board had not considered or passed upon or allowed or rejected the demand, plaintiff seems to think because, as he says, the board told him before he filed his demand it would not be allowed, he should be permitted to maintain the action. What the board told plaintiff before he filed his demand is not material. The board had no jurisdiction of the demand until it was filed in an itemized and verified form. In fact, it was no demand until put into legal form and formally filed with the board. Besides, there is no showing as to what the demand was before it was filed. If it was the same as the one filed, the board was certainly justified in stating that it would not allow it if and when filed.

Section 783, Id., makes it the duty of the board to investigate demands and determine if they are just. The board may take testimony of the claimant or any other person for that purpose. The board must offset debts of claimant, if any, to the county. Any citizen or taxpayer may oppose allowance of the demand. These things require time and negative hasty or hurried action.

Section 785, Id., tells what the board's finding or decision shall be after investigating a demand. It reads:

"When the board finds any demand is not a proper county charge, it shall be rejected; if a proper county charge, but larger than is just, the board may allow the claim in part and draw a warrant for the portion allowed."

Section 786, Id., gives the remedy of an action against the county if the claimant is dissatisfied with the board's disposition of his demand. That section reads:

"A claimant dissatisfied with the rejection of his demand, or with the amount allowed thereon, may sue the county therefor at any time within six months

after final action of the board, but not afterward, and if in such action judgment is recovered for more than the board allowed, the board shall allow and pay the same, together with the costs adjudged, but if no more is recovered than by the board allowed, the board must pay the claimant no more than was originally allowed. A claimant may accept the amount allowed, and sue for the balance of his demand, and such action shall not be barred by the acceptance of the amount allowed.''

██ Since the board had not acted on the demand, either allowing or rejecting it, clearly the action by plaintiff should have been abated. The injustice of permitting plaintiff to maintain this action, under the circumstances, is too apparent. It was not seriously contended by the county attorney that the county should not pay the plaintiff the minimum wage as fixed by the Highway Commission, when properly and legally ascertained. The amount of the judgment ($642.76) is far less than was demanded. The evidence showed that plaintiff worked only six 8-hour shifts a week, whereas he charged for seven 8-hour shifts during the period of his employment. He also asked in his demand filed with the county interest, not from the time any balance became due him, but from the first day he began to work for the county. In other words, he wanted interest on his wages before he had earned them. It was also certain that he was not entitled to recover for items that accrued more than one year *prior* to the filing of his demand. *City of Phoenix* v. *Drinkwater*, 46 Ariz. 470, 52 Pac. (2d) 1175. If given the chance, the board probably would have allowed that portion of the plaintiff's demand that was proper and just and saved the costs of this litigation.

The order is that the judgment be reversed, and the cause remanded, with directions that the complaint be dismissed.

McALISTER, C. J., and LOCKWOOD, J., concur.