596 P.2d 377

**NORCOR OF AMERICA, an Arizona Corporation, Plaintiff/Appellant/Cross Appellee,**

v.

**SOUTHERN ARIZONA INTERNATIONAL LIVESTOCK ASSOCIATION, an Arizona Corporation, and Pima County, Defendants/Appellees/Cross Appellants.**

No. 2 CA–CIV 3073.

Court of Appeals of Arizona, Division 2.

March 30, 1979.

Rehearing Denied May 7, 1979.

Review Denied May 30, 1979.

Chandler, Tullar, Udall & Redhair by Dan Cavett and D. B. Udall, Tucson, for plaintiff/appellant/cross appellee.

Molloy, Jones, Donahue, Trachta & Childers, P.C. by Gary F. Howard, Tucson, for defendant/appellee/cross appellant Southern Arizona Intern. Livestock Ass'n.

Stephen D. Neely, Pima County Atty. by G. Lawrence Schubart, Deputy County Atty., Tucson, for defendant/appellee/cross appellant Pima County.

## OPINION

HOWARD, Judge.

The issue in this case is whether appellant's claim for damages as the result of an alleged breach of contract was barred because it failed to present the claim to the Pima County Board of Supervisors pursuant to A.R.S. Secs. 11–621 to 11–630. The trial court held that the claim was barred and we affirm.[1]

The record, including the trial court's written findings of fact, shows that in 1973 Southern Arizona International Livestock Association (SAILA) was Pima County's agent for the purpose of operating the Pima County Fair. Pursuant to its authority as agent, it entered into a contract with Norcor of America (Norcor) in regard to the parking lot concession at the fair. They agreed that in exchange for 60% of the gross receipts to be paid to SAILA, Norcor, commencing in 1974, would have the concession for a period of five years with an option to renew for another five years. The contract was performed in 1974 but after the 1974 fair Pima County revoked SAILA's agency and established a new fair commission as its agent for operating the fair. The new fair commission refused to recognize Norcor's contract and gave the parking concession to the Rodeo Parade Committee.

Norcor filed a complaint in the superior court for breach of contract. The trial court found that Norcor was damaged in the sum of $34,000 for lost profits but denied judgment against Pima County on the ground that Norcor failed to comply with the applicable claims statutes. It also found in favor of SAILA, which Norcor does not challenge on appeal.

The Arizona county claims statutes have been basically the same since 1890. A.R.S. Sec. 11–621(A) provides:

"No payment exceeding five hundred dollars shall be made from the treasury of the county except upon demand duly presented and allowed, but compensation due to jurors and witnesses and official salaries shall be paid without presentation of a claim."

Section 11–622 describes the form the demand shall take, and sets a deadline of six months after the last item of the account accrues for presenting a claim. Section 11–630 allows a dissatisfied claimant to sue the county within six months after the board has acted on his claim. In *Yavapai County v. O'Neill*, 3 Ariz. 363, 29 P. 430 (1892), the court held that the county claims statutes set out an exclusive method of pursuing a claim against a county and that compliance with them is a condition precedent to the maintenance of an action against a county.

One purpose of these statutes is to prevent the revenue of a county from being consumed in litigation by providing an opportunity for the county to discharge or amicably adjust an obligation before it is faced with the costs of a lawsuit. *Hochfelder v. Los Angeles County*, 126 Cal. App.2d 370, 272 P.2d 844 (1954); *Silva v. Fresno County*, 63 Cal.App.2d 253, 146 P.2d 520 (1944); *Davis v. Cobb County*, 65 Ga. App. 533, 15 S.E.2d 814 (1941); *Efird v. Board of Com'rs for Forsyth County*, 219 N.C. 96, 12 S.E.2d 889 (1941). See also *Maricopa County v. Sharrit*, 49 Ariz. 396, 67 P.2d 232 (1937). Other purposes are to give the county prompt notice of the claim to enable the board of supervisors to investigate and inform themselves of its merits or demerits while evidence is still fresh and witnesses are available, *Hochfelder v. Los Angeles County*, supra, to protect the county against imposition, *Peterson v. Rodgers*, 51 Ariz. 502, 78 P.2d 480 (1938), and to provide a system which tends to prevent unscrupulous public officials from depleting the public treasury.

What "claims" must be presented to the county? We can best begin the answer to this question by setting forth the claims which need not be presented. They are:

---

1. In view of our affirmance, we need not consider appellees' cross-appeal.

1. Claims specifically exempted by A.R.S. Sec. 11–621:

   a. Compensation due to jurors and witnesses.

   b. Official salaries.

2. County warrants. *Apache County v. Barth*, 6 Ariz. 13, 53 P. 187 (1898) rev. & rem. in part, 177 U.S. 538 [20 S.Ct. 718, 44 L.Ed. 878] (1900).

3. Claims for excessive taxes paid under written protest. *Arizona Eastern R. R. Co. v. Graham County*, 20 Ariz. 257, 179 P. 959 (1919).

4. Compensation for property taken by eminent domain. *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford*, 69 Ariz. 1, 206 P.2d 1168 (1949).[2]

5. Claims for damages incurred by tort. *City of Phoenix v. Mayfield*, 41 Ariz. 537, 20 P.2d 296 (1933).[3]

■ Appellant's claim for breach of contract is the type of claim that falls under A.R.S. Sec. 11–621(A). *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford*, supra. Appellant argues that since its action is based on the breach of a previously executed, validly enforceable and partially performed contract, its claim has already been approved and no discretion remains in the board of supervisors but to pay the $34,000 it claims is due. We are unable to agree with this reasoning. The board has never determined that the claim was meritorious, that Norcor's claim of loss of profits is correct in amount, nor ever agreed to pay Norcor for loss of profits.

■ Appellant next contends that appellees waived the requirements of Secs. 11–621 et seq. by not raising them as a defense until the day of the trial. We do not agree.

In *Cochise County v. Wilcox*, 14 Ariz. 234, 127 P. 758 (1912), the appellee argued that the county had waived the same defense by not specially pleading it. The Supreme Court held that the county's general demurrer was adequate:

"Appellee had a 'given right' to present his claim for allowance, but that right was qualified by the special statutory limitation requiring that it be presented within six months after the accrual of the last item of the account, and a lapse of this prescribed period operated to extinguish the right altogether." 14 Ariz. at 240, 127 P. at 760.

In *Hutchins v. Frohmiller*, 55 Ariz. 522, 103 P.2d 956 (1940), after finding that the reasoning of *Yavapai County v. O'Neill*, supra, is equally applicable to claims against the state, the court held:

"[B]efore any action may be brought against a state officer . . . to enforce the payment of a claim against the state, it must appear affirmatively that the claimant has first followed the method of presentation of the claim for approval set forth by the statutes . . ." 55 Ariz. at 524, 103 P.2d at 957.

Compliance with the county claims statutes is a necessary element of appellant's claim against the county. In its answer the county asserted that the complaint failed to state a claim upon which relief could be granted. This was a proper way to raise this defense. Moreover, in its trial memorandum, submitted the day of the trial, the county specifically raised the issue of appellant's noncompliance.

Appellant's last argument, raised for the first time on appeal, is that A.R.S. Secs. 11–621 to 11–630 are unconstitutional because they deny it "equal protection of the law". Although appellant has cited no constitutional authority we assume it means the statutes violate the equal protection clause of the Fourteenth Amendment of the United States Constitution.

■ The general rule that questions not raised in the lower court will not be considered by the appellate court is applicable to constitutional questions. *Ruth v. Industrial Commission*, 107 Ariz. 572, 490 P.2d 828 (1971); *Roseland v. City of Phoenix*, 14

---

**2.** Although this case did not involve a county, the statute involved was similar to A.R.S. Secs. 11–621(A) and 11–622.

**3.** The city charter provision was similar to A.R.S. Secs. 11–621(A) and 11–622.

Ariz. App. 117, 481 P.2d 288 (1971). There is an exception to this general rule if the question is one of a general public nature, affecting the interests of the state at large. *Ruth v. Industrial Commission*, supra. We believe the question here falls within the exception.

■ Appellant refers us to *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973) and Annot., 59 A.L.R.3d 93 (1974) to support its constitutional argument. We do not find these authorities to be on point. In *Turner v. Staggs*, supra, the court held the claims statute unconstitutional as to *tort* claims and the annotation deals solely with tort claims. Appellant has cited no authority for the proposition that the claims statutes are constitutionally invalid when applied to contract claims. We do not believe an analogy can be drawn between the tort claim cases which appellant cites and a contract claim because the rationale of appellant's authorities is not appropriate when applied to contract claim cases. Reference to a Washington case and two of the more articulate cases cited in the annotation supports our conclusion. *Reich v. State Highway Dept.*, 386 Mich. 617, 194 N.W.2d 700 (1972), *Turner v. Staggs*, supra, and *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975) all point out that since governmental immunity was abolished by the legislature, the clear legislative intent was that nongovernmental and governmental tortfeasors were to be put on an equal footing. Therefore, there is only one natural class of tortfeasors and the claims statutes irrationally divide this natural class. This rationale cannot be carried over into contract claims. The legislature has never expressed an intent that governmental and nongovernmental promisors be on an equal footing. In fact, A.R.S. Secs. 11–621 et seq. demonstrate the opposite. There is no single natural class of "promisors". A classification will be upheld if any state of facts can be reasonably conceived to justify it. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). We believe the previously recited purposes of the claims statutes support the classification. We cannot say that A.R.S. Secs. 11–621 et

seq. are patently arbitrary and bear no rational relationship to a legitimate governmental interest.

Affirmed.

HATHAWAY, J., and LLOYD FERNANDEZ, Superior Court Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.